FILED
United States Court of Appeals
Tenth Circuit

April 20, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALBERT D. OAKES,

Defendant-Appellant.

No. 12-6023
(D.C. No. 5:10-CR-00154-F-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **LUCERO**, and **HARTZ**, Circuit Judges.

---

After accepting a plea agreement containing an appeal waiver, Albert D.
Oakes pleaded guilty to one count of possession with intent to distribute cocaine
base (crack) and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and
18 U.S.C. § 2. At sentencing, the parties advised the district court that they had
entered into a Fed. R. Crim. P. 11(c)(1)(C) stipulation for a sentence of

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

151 months, which the district court duly imposed. Notwithstanding the appeal waiver, Mr. Oakes appealed. The government now has moved to enforce the waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In evaluating a motion to enforce an appeal waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Oakes's counsel filed a response stating that he cannot identify any non-frivolous argument regarding these factors. He also filed a motion to withdraw from the representation. We gave Mr. Oakes the opportunity to file a pro se response, but his deadline has passed and as of today's date, we have not received anything from him.

Mr. Oakes's docketing statement indicates that he has two issues for appeal: "that he should not be considered a career offender and that Counsel was ineffective." Docketing St. at 4. The waiver clearly covers the career-offender issue, but it may or may not encompass ineffectiveness. If Mr. Oakes seeks to claim that his counsel was ineffective with regard to the validity of the plea or the waiver, then his claims would fall outside the scope of the waiver. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). But other ineffective assistance claims would fall within the scope of the waiver. *See id.* This

-2-

uncertainty, however, does not mean that the motion to enforce should be denied. Ineffective assistance of counsel claims must ordinarily be raised in a collateral 28 U.S.C. § 2255 proceeding, "even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). Accordingly, we may grant the government's motion to enforce even if some of Mr. Oakes's ineffective-assistance claims are outside the scope of his appeal waiver.

Our independent review confirms that the plea agreement clearly sets forth the waiver and states that it was knowing and voluntary, and the district court discussed the waiver and voluntariness at the plea hearing. There is no contradictory evidence indicating that Mr. Oakes did not knowingly and voluntarily accept the waiver. Finally, there is no indication on this record that enforcing the waiver would result in a miscarriage of justice as that term is defined in *Hahn*, 359 F.3d at 1327.

Counsel's motion to withdraw is GRANTED. The motion to enforce the appeal waiver is GRANTED without prejudice to Mr. Oakes's right to file a § 2255 motion asserting ineffective assistance of counsel in connection with the validity of the plea and/or the waiver, and this matter is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM